IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GABRIEL LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:05-cv-235-C |
| | ) | WO |
| REINHARDT MOTORS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Plaintiff Gabriel Lee ("Lee"), brings this action against his former employer, Reinhardt Motors, Inc. ("Reinhardt"), pursuant to 42 U.S.C. §1981 alleging that he was subjected to racial discrimination, harassment and retaliation on the basis of his race (African-American).  The court has federal subject matter jurisdiction of these claims pursuant to 42 U.S.C. § 1331 and supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

Now pending before the court is Reinhardt's motion to dismiss (doc. # 3) filed on April 7, 2005.  The defendant argues that the plaintiff's § 1981 claims are due to be dismissed as untimely pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. et. seq.   On April 12, 2005, the court ordered the defendant to show cause why the motion to dismiss should not be summarily denied because the plaintiff's claims of race discrimination pursuant to 42 U.S.C. § 1981 do not require timely exhaustion of

administrative remedies with the EEOC prior to filing suit.  *See Sanders v. City of Montgomery*, 319 F.Supp.2d 1296, 1311 (M.D. Ala. 2004).  On April 15, 2005, Reinhardt filed a response to the show cause order in which it concedes that the plaintiff is entitled to proceed on his § 1981 claims.  Nonetheless, the defendant now argues that the plaintiff's state law claims should be dismissed because the court lacks diversity jurisdiction over these claims.  In addition, the defendant argues that the court should decline to exercise supplemental jurisdiction over the plaintiff's claims because the claims involve "novel or complex" issues of state law.  *See* 42 U.S.C. § 1367(c)(1).

On April 22, 2005, the plaintiff filed a response to the defendant's reply to the court order arguing that the motion to dismiss should be denied and requesting sanctions for "caus[ing] counsel to use unnecessary time, research and effort to respond to a meritless motion."  (Pl's Res. to Show Cause Order & Pl's Mot. for Sanctions, at ¶ 7, p. 6).

Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.  The court has carefully considered the defendant's motion to dismiss (doc. # 3) and the plaintiff's motion for sanctions (doc. # 8).  Although the court could summarily deny both motions as baseless, the court will explain the basis of its decision.

Because Reinhardt concedes, as it must, that the plaintiff is not required to exhaust his administrative remedies before the EEOC prior to seeking redress under 42 U.S.C. § 1981, the motion to dismiss the race discrimination and retaliation claims on this basis is due to be

denied.  *See Sanders, supra*.

The defendant's argument that the court lacks subject matter jurisdiction over the plaintiff's state law claims because there is no diversity jurisdiction in this case borders on the ludicrous.   Pursuant to 28 U.S.C. § 1367, the court may exercise supplemental jurisdiction over any state law claims related to the plaintiff's federal claims.  Contrary to the defendant's assertions, the plaintiff's state law claims are not so novel or complex that, at this juncture, the court should decline to exercise its supplemental jurisdiction.  Consequently, the defendant's motion to dismiss on these bases is due to be denied.

Finally, the plaintiff asserts that because he was "forced to respond" to the defendant's motion, he is entitled to attorney's fees and expenses.  On its face, the defendant's motion was so lacking in merit that the court did not require the plaintiff to respond.  Instead, the court directed only the defendant to show cause why the motion to dismiss should not be summarily denied.  Consequently, the plaintiff is not entitled to sanctions for responding to the defendant's motion *sua sponte*.

After expending valuable time and effort itself to resolve these motions, the court is compelled to make a final observation.  The motion to dismiss is so patently frivolous that the court discerns no legitimate purpose for it.   The court will not tolerate this conduct in the future and will not hesitate to institute the procedures necessary to impose sanctions pursuant to FED. R. CIV. P. 11.

Accordingly, for the reasons as stated, it is

ORDERED that the defendant's motion to dismiss (doc. # 3) and the plaintiff's

3

motion for sanctions (doc. # 8) be and are hereby DENIED.

Done this 17th day of May, 2005.


      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE