IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GABRIEL LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO.  2:05-CV-235-C |
| | )                     (WO) |
| REINHARDT MOTORS, INC. | ) |
| d/b/a REINHARDT TOYOTA, | ) |
| | ) |
| Defendants. | ) |

**PROTECTIVE ORDER**

Now pending before the court is the plaintiff's motion for a protective order (doc. # 14) filed on September 8, 2005.  The defendant has no objection to the entry of this order.  Accordingly, it is

ORDERED that the motion for protective order (doc. # 14) be and is hereby GRANTED.

For the purpose of protecting the privacy of the employees of the Defendant against the unreasonable and unprotected disclosure of personal information pertaining to them, it is hereby

ORDERED pursuant to 5 U.S.C. § 522a(b)(11) and FED. R. CIV. P. 26(c) as follows:

This order applies to, governs, and directs the disclosure in the course of this action all records of the Defendant, any personal information obtained from these records, and any personal information secured by the Defendant from other sources when the disclosure of

such is mandated by either the Federal Rules or the Local Rules requiring disclosure or, further, is necessary to respond to Plaintiff's formal discovery under the Federal Rules of Civil Procedure. However, this order itself neither addresses nor overrules any objections to discovery made pursuant to the Federal Rules of Civil Procedure on any basis other than personal privacy. This order also permits the Defendant to meet its discovery obligations by offering for inspection by Plaintiff's attorneys in the manner permitted by Federal Rule of Civil Procedure 33(d), those business records and files from which relevant information that Defendant is obliged to disclose may be ascertained or derived. In that circumstance, Defendant is not required to prescreen each document from those records for Privacy Act objections and to present those objections to this Court for a decision regarding disclosure.

1. Disclosure shall be made by Defendant only to Plaintiff through Plaintiff's attorney. Plaintiff's attorney shall be allowed to copy any records or information so disclosed but shall not further share them with any person unless such disclosure is reasonably calculated in good faith to aid in the preparation of this ligation. Plaintiff's attorney shall insure that any person to whom disclosure is made shall be informed of the terms of this order prior to such event. In that circumstances, that individual shall be bound by the terms of this Order.

2. The Plaintiff is prohibited from using any of the information contained in the documents protected by this order for any purpose unrelated to the prosecution of this lawsuit.

3. No person to whom a record covered by this Order is disclosed by Plaintiff or Plaintiff's attorney shall make a copy of the record unless copying reasonably promotes the preparation for and trial of this litigation. Neither Plaintiff, plaintiff's attorney, nor any individual to whom that make disclosure shall disclose any record or information covered under this Order except for the purposes of preparing for and prosecuting this litigation.

4. Upon conclusion of this action (including appeals), all records or copies of records (except copies of documents accepted into evidence) secured from the Defendant or its agents and protected by the terms of this Order shall within a reasonable period either be returned to Defendant or destroyed by Plaintiff's attorney.

5. Nothing in this Order constitutes any decision by the court concerning discovery disputes, the admission into evidence of any specific document, or liability for payment of any costs of production or reproduction; nor does the Order constitute a waiver by Defendant of his right to object to the discovery of or admission into evidence of any record or information subject to this Order. By consenting to this order, no party waives any of its positions respecting either the facts of the law applicable to this litigation.

Done this 12th day of September, 2005.

                                          /s/Charles S. Coody
                                      CHARLES S. COODY
                                      CHIEF UNITED STATES MAGISTRATE JUDGE